# EXHIBIT A

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
24-C-03763-S
4/23/2024 4:32 PM
TIANA P. GARNER, CLERK

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Gwinnett State Court County

**For Clerk Use Only**

Date Filed ____________ (MM-DD-YYYY)

Case Number 24-C-03763-S4

| Plaintiff(s) | Defendant(s) |
|---|---|
| Kennedy, Holly | Target Corporation |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | ABC Corp 1-3 |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | Doe 1-3, John |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |

**Plaintiff's Attorney** Randal Fry **State Bar Number** 278799 **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

____________ Case Number ____________ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

____________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-03763-S4**
**4/23/2024 4:32 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Holly Kennedy**

PLAINTIFF

CIVIL ACTION
NUMBER: 24-C-03763-S4

VS.

**Target Corporation**

**c/o CT Corporation System**

**289 S Culver Street, Lawrenceville GA 30046**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Fry|Goehring Law Firm
1718 Peachtree Street, NW, Suite 990
Atlanta Georgia 30309
404-969-1284

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** ________ **day of** 24th day of April, 2024, **20**____.

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature] ________________
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
24-C-03763-S
4/23/2024 4:32 PI
TIANA P. GARNER, CLER

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| HOLLY KENNEDY,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, ABC CORP. 1-3 and JOHN DOES 1-3,<br><br>Defendants. | CIVIL ACTION FILE 24-C-03763-S4<br><br>(SERVED WITH DISCOVERY)<br><br><br><br>(JURY TRIAL DEMANDED) |

**COMPLAINT**

COMES NOW, Plaintiff Holly C Kennedy, and files this complaint against defendant Target Corporation, ABC Corp 1-3, and John Does 1-3, showing this Honorable Court as follows:

1.

Plaintiff Holly Kennedy is a resident of Washington State and is subject to the jurisdiction of this court.

2.

Target Corporation ("Defendant") is a foreign profit corporation authorized to conduct business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046. Jurisdiction and venue are proper in this Court as to Defendant.

3.

Should it be determined that another corporation, entity, or individual owned or was responsible for the premises involved in the July 22, 2022 incident resulting in injuries to Plaintiff at the time of said incident and/or owned, occupied, or otherwise had responsibility for the property located at 5950 State Bridge Road in Johns Creek, Georgia 30097, where the July 22, 2022 incident

occurred, Plaintiff hereby names Defendant ABC CORPORATIONS 1-3 and Defendant JOHN DOES 1-3.

4.

On July 22, 2022, Plaintiff was an invitee at the Target store located at 5950 State Bridge Road in Johns Creek, Georgia 30097.

5.

Plaintiff was exiting the store after shopping when she slipped on the wet floor and fell.

6.

There were no cones or other warnings in the area of the exit at the time of the fall.

7.

Plaintiff sustained serious physical injuries due to the negligence of Defendant.

8.

Plaintiff was an invitee on the premises at the time of the fall.

9.

Defendant was negligent in the following ways, each of which was the proximate cause of the Plaintiff's injuries:

(a) In failing to exercise ordinary care in keeping the premises and approaches safe;

(b) In failing to maintain safe shopping conditions to their patrons;

(c) In failing to exercise good judgment regarding the implementation of measures to keep patrons safe.

10.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by defendant and were acting within the scope of their employment.

11.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

12.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

13.

Defendant was negligent in training and supervising its staff.

14.

Plaintiff is entitled to recover damages for her medical expenses incurred, past and future; for his lost wages, past and future; for his mental and physical pain and suffering, past and future; and for all other damages this Honorable Court deems appropriate.

15.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred special damages which include but may not be limited to medical expenses, mileage, lost wages, and other miscellaneous expenses. Specifically, Plaintiff has incurred approximately $73,529.53 in medical expenses to date and will supplement as necessary

16.

As a result of defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

WHEREFORE, plaintiff prays that she has a trial on all issues and judgment against defendant as follows:

(a) That plaintiff recovers the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That plaintiff recover such other and further relief as is just and proper;

(d) That all issues be tried before a jury.

Respectfully submitted this 22nd day of April, 2024.

FRY | GOEHRING Law Firm

*/s/ Randal E. Fry*

RANDAL E. FRY
State Bar of Georgia No.: 278799
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
*Attorneys for Plaintiff*

1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
randy@frygoehring.com
gulliana@frygoehring.com

# EXHIBIT B

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| HOLLY KENNEDY,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, ABC CORP. 1-3 and JOHN DOES 1-3,<br><br>Defendants. | CIVIL ACTION FILE<br><br>(SERVED WITH DISCOVERY) |

**PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION**

## I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Admissions and Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Randal E. Fry, Esq., and Gulliana Goehring, Esq., The Fry Law Firm, 1718 Peachtree Street, NW, Suite 990, Atlanta, GA 30309, (404) 969-1284, within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a

prior response if you obtain information upon the basis of which you know that the response was

incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided.. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. INSTRUCTIONS

Objections Based on Privilege. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a) The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b) The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c) The type of privilege claimed;

(d) A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e) The number of each specific document request to which the withheld document is responsive; and

(f) If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession. If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a) Identify and describe such document by date, title, and type of document;

(b) State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c) State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d) Identify all persons having knowledge of the contents thereof.

Organization of Documents. All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## III. DEFINITIONS

When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the documents have been previously identified fully, it may be identified by name in subsequent responses.

2. When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3. When used herein, "Plaintiff" refers to the Plaintiff(s) in this action.

4. As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant(s) or of which Defendant(s) has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant(s), and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5. As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6. As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7. As used herein, "identify" or "specify," when used in reference to:

(a) a person who is an individual, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b) in the case of a document, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c) in the case of an oral communication, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant(s), whether Defendant(s) will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant(s), what disposition was made of it, and why.

8. Time -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

9. When the identification of documents is requested by these Interrogatories, Defendant(s) may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

## IV. REQUESTS FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Gwinnett County has jurisdiction over the subject matter of this case.

5.

The State Court of Gwinnett County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Gwinnett County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On July 22, 2022 Defendant owned the Target store located at 5950 State Bridge Road in Johns Creek, Georgia 30097 (the "Property").

10.

On July 22, 2022 Defendant(s) operated the Property.

11.

On July 22, 2022 Defendant(s) managed the Property.

12.

On July 22, 2022 Defendant(s) was/were responsible for inspecting and/or maintaining the condition of the common areas at the Property.

13.

Admit that Defendant(s) hired no other company, person or business to assist with the training of its employees located at the Property.

14.

Admit that Defendant(s) had a duty to properly train its/their employees at all applicable times.

15.

Admit that Defendant(s) had a duty to properly supervise its/their employees at all applicable times.

16.

Admit that pursuant to the doctrine of Respondent Superior, Defendant(s) is/are responsible for the negligent acts of its/their employees at all applicable times.

17.

Admit that Plaintiff was injured as a result of slipping on water substance on the floor.

18.

On July 22, 2022 Plaintiff was an invitee at the Property.

19.

On July 22, 2022 Defendant(s) had a duty to ensure the Property was safe from hazards for its/their residents and invitees.

20.

On July 22, 2022 Defendant(s) breached its/their duty to Plaintiff to ensure the Property was safe from hazards for its/their residents and invitees.

21.

On July 22, 2022 guests of the Property, including but not limited to the Plaintiff, were not given any warning that a hazardous condition existed.

22.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

## V. INTERROGATORIES

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any answers, or assisted in providing any answers, to Plaintiff's First Interrogatories to Defendant.

2.

Identify the Manager working at the Property on or about July 22, 2022 at the time of the incident which is the subject matter of this Complaint.

3.

Identify the Assistant Manager working at the Property on or about July 22, 2022 at the

time of the incident which is the subject matter of this Complaint.

4.

Identify all other employees working at the time of the incident, specifically identifying those working near where the Plaintiff slipped who could have observed Plaintiff's fall which is the subject matter of the litigation, at the Property on or about July 22, 2022.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the floors at the Property on or about July 22, 2022.

6.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a) Was an eyewitness to the incident complained of in this action;

(b) Has some knowledge of any fact or circumstance upon which your defense is based;

(c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

7.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

8.

Identify the individual or individuals Defendant knows possess or purport to possess the most knowledge regarding Plaintiff's claim.

9.

Identify all persons Defendant expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

10.

State in detail how Defendant contends the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant believes to have caused, or contributed to causing, the subject occurrence.

11.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff or any other person or entity did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and Plaintiff's injury.

12.

Identify all training that a Defendant's associate or employee receives with respect to inspecting and maintaining the floors, specifically at the Property, on July 22, 2022.

13.

Identify any changes in procedures, policies, practices, rules or regulations that were implemented or made at either the Property as a result of the July 22, 2022 incident which caused Plaintiff's injuries.

14.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant may rely to satisfy part or all of any

judgment which may be entered against Defendant or which may be used to indemnify or reimburse Defendant for any payment(s) to satisfy any such judgment(s).

15.

Identify all security cameras located at the Property, the location of such cameras, whether such cameras were operative on July 22, 2022 and whether any camera videotaped the incident described in Plaintiff's Complaint.

16.

Does Defendant contend any person or entity other than Defendant or its employees is, or may be, liable in whole or in part for the claims asserted against Defendant in this lawsuit? If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant's contention, the facts or evidence upon which said contention is based, and whether Defendant has notified each such person or entity of said contention.

17.

Describe what steps or procedures Defendant uses to warn patrons such as the Plaintiff of the risk of injury from slippery substances on the floor.

18.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant's Answer to Plaintiff's Complaint.

19.

State all facts upon which Defendant relied to deny Plaintiff's Complaint.

20.

Do you contend that the plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

21.

Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant's equivalents thereto, with respect to the subject incident.

22.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state:

(a) Date of incident;

(b) Name, address and telephone number of injured person;

(c) Description of incident.

23.

Did Defendant, its agents, representative, employees or anyone acting on Defendant behalf conduct an investigation of the subject incident? If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant's behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

24.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to preventing patrons from slipping on substances on the floor which were in effect at the Property on July 22, 2022.

25.

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant's answer to Plaintiff's Interrogatory No. 25, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

## VI. REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the store location where the incident occurred.

3.

Please provide originals or color copies of all photographs of the Property where the incident occurred on July 22, 2022.

4.

Please provide copies of any statements obtained from the Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.

Respectfully submitted this 22nd day of April, 2024.

FRY | GOEHRING Law Firm

*/s/ Randal E. Fry*

RANDAL E. FRY
State Bar of Georgia No.: 278799
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
*Attorneys for Plaintiff*

1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
randy@frygoehring.com
gulliana@frygoehring.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| HOLLY KENNEDY,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, ABC CORP. 1-3 and JOHN DOES 1-3,<br><br>Defendants. | CIVIL ACTION FILE<br><br>(SERVED WITH DISCOVERY) |

**RULE 5.2 CERTIFICATION OF SERVICE**

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing Plaintiff's **First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant Target Corporation,** to be personally served on the following parties with the Summons and Complaint:

Target Corporation
c/o CT Corporation System
(registered agent)
289 S. Culver Street
Lawrenceville, Georgia 30046

Respectfully submitted this 22nd day of April, 2024.

FRY | GOEHRING Law Firm

*/s/ Randal E. Fry*
RANDAL E. FRY
State Bar of Georgia No.: 278799
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
*Attorneys for Plaintiff*

1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
randy@frygoehring.com
gulliana@frygoehring.com

# EXHIBIT C

11-AA

State of Minnesota

# SECRETARY OF STATE

*Certificate of Merger*

*I, Mary Kiffmeyer, Secretary of State of Minnesota, certify that: the documents required to effectuate a merger between the entities listed below and designating the surviving entity have been filed in this office on the date noted on this certificate; and the qualification of any non-surviving entity to do business in Minnesota is terminated on the effective date of this merger.*

*Merger Filed Pursuant to Minnesota Statutes, Chapter: 302A*

*State of Formation and Names of Merging Entities:*

MN: DAYTON HUDSON CORPORATION

MN: TARGET CORPORATION

*State of Formation and Name of Surviving Entity:*

MN: DAYTON HUDSON CORPORATION

*Effective Date of Merger:* 1/30/2000---12:01 A.M.

*Name of Surviving Entity After Effective Date of Merger:*

TARGET CORPORATION

*This certificate has been issued on:* 1/13/2000

Mary Kiffmeyer

Secretary of State.